UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:12-cr-91-FtM-29UAM

KAREN CACO
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Strike Certain Allegations In Superseding Indictment (Doc. #76) filed on July 15, 2013. The government filed a Response (Doc. #82) on July 29, 2013. Defendant seeks to strike language in paragraphs 9, 10, 11, 12, and 14 of the Superseding Indictment (Doc. #56) because they are incorrect statements of law.

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . .[T]his is a most 'exacting standard.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (alterations in original)(citation omitted). An incorrect statement of law would certainly qualify as surplusage which should be stricken. The Court will address each in turn below.

**(1) Paragraph 9, H-1B visas**

Paragraph 9 of the Superseding Indictment (Doc. #56), in its entirety, states (with the portion sought to be stricken highlighted):

> An H-1B visa was a non-immigrant visa granted by USCIS to foreign nationals seeking to work in the United States in a "specialty occupation," defined by federal law as an occupation which requires theoretical and practical application of highly specialized knowledge and a bachelor's degree for the specialization or its equivalent in experience. An H-1B visa petition must have been initiated by a prospective employer; **foreign nationals expecting to work in the United States could not apply for their own H-1B visa**. Prior to submitting an H-1B visa petition for a prospective employee to USCIS, the employer must first have applied for and received certification from the USDOL.

(Doc. #56, ¶ 9)(emphasis added). The Superceding Indictment specifically refers to two H-1B visa petitions, one on January 12, 2007, and one on September 24, 2009. Defendant seeks to strike the highlighted statement because it misstates the law. Defendant asserts that, based on several decisions of the Department of Homeland Security's Administrative Appeals Office, at the time of the relevant petitions "a company that was owned by one person, and which only employed that one person, could petition USCIS to grants its owner/employee an H-1B visa." (Doc. 376, p. 3.)

The Court finds that the highlight portion is a correct statement of the law at all relevant times. A foreign national expecting to work in the United States could not apply for his or her own H-1B visa, and the decisions cited by defendant do not hold

otherwise.  Rather, the employer had to file such a petition.  8 C.F.R. § 214.2(h)(2)(i)(A)("employer . . . must file a petition. . .")  Defendant's statement that "**a company** that was owned by one person, and which only employed that one person, **could petition** USCIS to grants its owner/employee an H-1B visa" (Doc. #76, p. 3, emphasis added) is correct, but her later statement that "it was permissible for a self-employed foreign national expecting to work in the U.S. to apply for, and receive, an H-1B visa" (Doc. #76, p. 5) is incorrect.  The motion to strike this portion of Paragraph 9 is denied.

**(2)  Paragraph 10, L-1A visas**

Paragraph 10 of the Superseding Indictment, in its entirety, states:

> An L-1A visa was available to certain foreign nationals who worked for a company with a parent, branch, subsidiary or affiliate in the United States.  Such workers who were granted an L-1A visa were allowed to enter the United States as intra-company transferees, who were temporarily assigned to perform services for the same employer for whom the foreign national was employed abroad, either in a managerial or executive capacity.  The executive or managerial employee must have worked abroad for the corporation, firm, or other legal entity (or an affiliate or subsidiary thereof), on a full-time basis for at least one continuous year of the prior three years to qualify for an L-1A visa.  **Foreign employers who were seeking to send an employee to the United States as an executive or manager, must have shown that a sufficient physical premises in which to house such executive or manager had been secured and that the intended office located in the United States would support an executive or managerial position within one year of the approval of the petition.**

(Doc. #56, ¶ 10)(emphasis added).  Defendant seeks to strike the last sentence as inaccurate and misleading because it conflates the two different types of L-1A visas and incorrectly paraphrases the regulation regarding one type of L-1A visa.

First, defendant argues there are two types of L-1A visas: One for a foreign national coming to the United States to open or be employed by a foreign entity's "new office", which does require that a "sufficient physical premises" has been secured; and the second for a foreign national coming to the United States to be employed by a foreign entity's "existing office", which does not have this requirement.  Defendant argues this is significant because the government alleges fraud as to both types of L-1A visas and the jury will be confused.

An alien seeking admission as an intracompany transferee must present certain evidence with his or her petition.  8 C.F.R. § 214.2(l)(3)(i)-(v).  For those aliens coming to the United States as a manager or executive to open or be employed in a new office (defined as "an organization which has been doing business in the United States through a parent, branch, affiliate, or subsidiary for less than one year", 8 C.F.R. § 214.2(1)(ii)(F)), the petitioner must also submit additional evidence.  Specifically,

> (v) If the petition indicates that the beneficiary is coming to the United States as a manager or executive to open or to be employed in a new office in the United States, the petitioner shall submit evidence that:

>     (A) Sufficient physical premises to house the new office have been secured;
>
>     (B) The beneficiary has been employed for one continuous year in the three year period preceding the filing of the petition in an executive or managerial capacity and that the proposed employment involved executive or managerial authority over the new operation; and
>
>     (C) The intended United States operation, within one year of the approval of the petition, will support an executive or managerial position as defined in paragraphs (l)(1)(ii)(B) or (C) of this section, supported by information regarding:
>
>> (1) The proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals;
>>
>> (2) The size of the United States investment and the financial ability of the foreign entity to remunerate the beneficiary and to commence doing business in the United States; and
>>
>> (3) The organizational structure of the foreign entity.

8 C.F.R. § 214.2(l)(3)(v). The Court does not find that the language defendant wants stricken conflates the two types of L-1A visas. The Court does find, however, that the sentence does not quite accurately capture the substance of the requirement. The regulatory requirement is that there be a sufficient physical premise to house "the new office", not to house the new manager or executive. Additionally, the regulatory requirement is that the executive or managerial position be supported by "the intended

United States operation," not by the intended office located in the United States. Accordingly, the motion to strike the last sentence in paragraph 10 is granted.

**(3) Paragraph 11, Permanent Resident Cards**

Defendant seeks to strike the phrase "after successful employment, or the operation of a business in the United States, for at least one year" from paragraph 11 of the Superceding Indictment. The government agrees to this request, and therefore this phrase will be stricken.

**(4) Paragraph 12, O-1 visas**

Paragraph 12 of the Superseding Indictment, in its entirety, provides:

> An O-1 non-immigrant visa was available to foreign nationals who possessed extraordinary abilities in the sciences, arts, education, business, or athletics, or who had demonstrated a record of extraordinary achievement in the motion picture or television industry and were recognized nationally or internationally for such achievements. To qualify for an O-1 visa, a foreign national must have demonstrated extraordinary ability by sustained national or international acclaim and must have been temporarily entering the United States to work specifically in the area of his or her extraordinary ability.

(Doc. #56, ¶ 12.) Defendant seeks to strike this whole paragraph as irrelevant because no fraud is alleged as to this type of visa. The government responds that the description of the O-1 visa was provided as background because it was proposed for a client who later opted for a different type of visa petition. The Court finds that the description of this additional visa is appropriate in this

context. The motion to strike will be denied, although it may be re-asserted if the evidence at trial is not as the government anticipates.

**(5) Paragraph 14, Definition of an "employer"**

Defendant seeks to strike and the government has no objection to deleting paragraph 14 of the Superceding Indictment, which asserts that "The Immigration and Nationality Act defined an employer as. . . ." (Doc. #56, ¶ 14.) The Court will grant the motion to strike, and correct this paragraph to begin: "An employer is. . . ."

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Strike Certain Allegations In Superseding Indictment (Doc. #76) is **GRANTED** in part and **DENIED** in part. The motion is granted as to deletion of the last sentence of paragraph 10, and the portions of paragraphs 11 and 14 as set forth above, and the offending language in these paragraphs will be stricken or modified as set forth above. The motion is otherwise denied as to paragraphs 9 and 12.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of November, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record