UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                       2:12-cr-91-FtM-29UAM

KAREN CACO
_____

**OPINION AND ORDER**

This matter comes before the Court on the Government's Motion for Ex Parte In Camera Review and Protective Order of Disclosure (Doc. #104) and the Government's Motion to Supplement Government's Motion for in Camera Review (Doc. #106). The first motion was initially filed under seal (Doc. #103), but a redacted version (Doc. #104) was filed pursuant to a prior Order (Doc. #101).

The government asserts that it is precluded by § 384 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1367, from disclosing any portion of the immigration file (the A-file) of Flavia Marichal without her consent, which has not been forthcoming. Ms. Marichal is a potential government witness, and from the description by both the government and defendant is a material witness. In its prior Order, the Court noted that there does not appear to be a statutory exception applicable to a criminal case. The Court requested a response from defendant, and allowed a memorandum by the government, as to the resulting legal issues. Defendant's Response (Doc. #109) was filed on October 25, 2013. The government

indicated at the November 12, 2013, status conference that it did not intend to file an additional memorandum.

The government has submitted the "A-file" for Flavia Marichal under seal, which the Court has reviewed. The issue is whether any portion of this A-file must be disclosed to defendant as part of the government's disclosure obligations in a criminal prosecution. Under the unique facts of this case, the Court concludes that the entire file must be disclosed to defense counsel, with certain restrictions.

The prosecution is required by the due process clause of the United States Constitution to disclose all material evidence favorable to an accused either as to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150 (1972). This includes evidence that is favorable to the accused "either because it is exculpatory, or because it is impeaching". Strickler v. Greene, 527 U.S. 263, 282 (1999). The prosecution's constitutional obligation under Brady/Giglio is not negated by a confidentiality statute. E.g., Moore v. Kemp, 809 F.2d 702, 726-29 (11th Cir. 1987).

Title 8 U.S.C. § 1367, entitled "Penalties for disclosure of information," was added to the Immigration and Naturalization Act in 1996 as part of the Violence Against Women Act of 1994 to limit the use and disclosure of information regarding battered aliens. The statute first precludes certain federal agencies or officials

from making an "adverse determination of admissibility or deportability of an alien under the [INA] using information furnished solely by" several categories of batterers. 8 U.S.C. § 1367(a)(1)(A)-(F). The statute then provides that "in no case" may these federal agencies or officials:

> . . .
>
> permit use by or disclosure to anyone (other than a sworn officer or employee of the Department, or bureau or agency thereof, for legitimate Department, bureau, or agency purposes) of any information which relates to an alien who is the beneficiary of an application for relief under paragraph (15)(T), (15)(U), or (51) of section 101(a) of the Immigration and Nationality Act [8 U.S.C. § 1101(a)(15)(T), (U), (51)] or section 240A(b)(2) of such Act [8 U.S.C. § 1229b(b)(2)].
>
> The limitation under paragraph (2) ends when the application for relief is denied and all opportunities for appeal of the denial have been exhausted.

8 U.S.C. § 1367(a)(2). The statute than provides for eight specific exceptions to these two restrictions. 8 U.S.C. § 1367(b). These exceptions include waiver of the protection of these provisions by the battered alien, 8 U.S.C. § 1367(b)(4), but do not include for disclosure when the battered alien is a witness in a criminal case. There appears to be little case authority interpreting this statute, and neither side has provided a citation to any case addressing this statute in the context of a witness in a criminal prosecution. The Court is satisfied, however, that this confidentiality statute, which expires under certain conditions (denial of relief on an application) and does not apply in multiple

situations, cannot foreclose compliance with the government of its constitutional discovery obligations in a criminal prosecution. The government has pointed to nothing which would suggest this was the intent of Congress, and Congress promulgated the statute well-knowing the Brady/Giglio obligations of the prosecution.

After an in camera review of the A-file, the Court is satisfied that defendant's Response (Doc. #109) and the attached reports of interviews have established a need for the entire contents of the A-file. Defendant does not have the means to otherwise obtain the information contained in the file. Balancing the legitimate privacy interests of Ms. Marichal against the legitimate needs of defendant at trial weighs, under the unique facts of the case, in favor of defendant. The failure to disclose the contents of the A-file will, in the Court's view, result in material prejudice to defendant both as to substantive evidence and reasonable challenges to the credibility of a material witness. To be sure, the Court does not rule that the contents of the A-file are admissible, only that the A-file must be produced by the government as discovery.

Accordingly, it is now

**ORDERED**:

1. The Government's Motion to Supplement Government's Motion for in Camera Review (Doc. #106) is **GRANTED** as previously stated in

the Court's October 7, 2013 Order (Doc. #101) and the A-file shall remain docketed under seal.

2. The Government's Motion for Ex Parte In Camera Review and Protective Order of Disclosure (Doc. #104) is **GRANTED IN PART AND DENIED IN PART AT FOLLOWS:**

(a) If Ms. Marichal is to be called as a witness for the government, the government shall produce and disclose a true and accurate copy of her A-file to defense counsel **no later than five (5) business days** prior to trial;

(b) Absent further order of the Court, defense counsel may not copy or reproduce any portion of the A-file for any reason, and may not allow anyone else to do so. Defense counsel may use the A-file only in connection with his obligations to defend Karen Caco in this trial; and

(c) At the conclusion of the trial, defense counsel shall return the copy of the A-file to the government.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of November, 2013.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
DCCD